ELECTRONICALLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **DELTA T CORPORATION,** <br> a Kentucky corporation, <br><br> **Plaintiff,** <br><br> v. <br><br> **RITCHIE ENGINEERING COMPANY, INC.,** <br> a Minnesota Corporation, <br><br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : **CIVIL ACTION NO.:** _____ <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff, Delta T Corporation d/b/a Big Ass Fan Company ("Delta T"), states the following Complaint against Defendant Ritchie Engineering Company, Inc. ("Defendant"):

### NATURE OF THE ACTION

1. This is an action seeking a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, as well as for cancellation of the federal trademark registration for the YELLOW JACKET mark owned by Defendant. Specifically, Delta T is seeking a declaration under 28 U.S.C. §§ 2201-02, the Trademark Act of 1946, as amended (the Lanham Act, codified at 15 U.S.C. § 1051, *et seq.*) and applicable common law that its use of its federally registered trademark YELLOW JACKET to identify electric fans does not infringe any rights of Defendant and cancellation of Defendant's U.S. Trademark Registration No. 1,997,963 for the YELLOW JACKET mark.

## PARTIES

2. Delta T is a corporation formed under the laws of the Commonwealth of Kentucky, having a principal office located at 2425 Merchant Street, Lexington, Kentucky 40511.

3. On information and belief, Defendant is a corporation formed under the laws of the State of Minnesota, having a registered address at 10950 Hampshire Avenue South, Bloomington, Minnesota 55438.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); 28 U.S.C. §1338; and 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Defendant because of its claimed legal rights in this District and because Defendant advertises and/or conducts business in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts of infringement complained of occurred within this District and pursuant to 28 U.S.C. §1391(c) because Defendant is a corporation which is subject to personal jurisdiction in this Judicial District.

## BACKGROUND

7. Delta T is the preeminent designer and manufacturer of high volume/low speed (HVLS) ceiling and vertical fans, which are distributed throughout the United States and the

world.

8. Delta T is the owner of U.S. Trademark Registration No. 3,897,574 (the "'574 Registration"), issued by the U.S. Patent and Trademark Office on December 28, 2010 for the mark YELLOW JACKET to identify "electric fans" in International Class 011 (a copy of the '574 Registration is attached hereto as **Exhibit A**).

9. Delta T has continuously used the YELLOW JACKET mark in interstate commerce to identify "electric fans" since at least as early as October 26, 2010.

10. Upon information and belief, Defendant filed a Trademark Registration Application Serial No. 74/638,279 (the "'279 Application") for the YELLOW JACKET mark with the U.S. Patent and Trademark Office on February 23, 1995 under 15 U.S.C. § 1051(a) based on its alleged current use of the mark in commerce in connection with the following goods: (1) "hand tools for cutting, bending, swaging and flaring tubes; manually-operated wrenches and ratchets all for use in refrigeration servicing" in International Class 008; (2) "refrigeration system testing equipment, namely valves, gauges, manifolds, leak detectors, vacuum meters, leak scanners, thermometers; gas pressure testers; fuel oil testers; manometers" in International Class 009; and (3) "non-metallic refrigerant hoses" in International Class 017.

11. Upon information and belief, the '279 Application issued as U.S. Trademark Registration No. 1,997,963 (the "'963 Registration) on September 3, 1996 (a copy of the '963 Registration is attached hereto as **Exhibit B**).

12. Upon information and belief, Defendant filed a Combined Declaration of Use

and Incontestability under Sections 8 and 15 on September 4, 2002 (a copy of the Combined Declaration of Use and Incontestability under Sections 8 and 15 is attached hereto as **Exhibit C**).

13. Upon information and belief, Defendant submitted three specimens pertaining to International Class 008, 009 and 017 along with the Combined Declaration of Use and Incontestability under Section 8 and 15 (a copy of the three specimens are attached hereto as **Exhibit D**).

14. On June 27, 2011, Defendant's agent Mary Jo Gentry contacted Delta T via telephone and left a voice mail message concerning Delta T's YELLOW JACKET mark.

15. During a return telephone call with and a representative of Delta T on June 29, 2011, Ms. Gentry alleged that Delta T's use of the YELLOW JACKET mark would cause confusion with Defendant's registered YELLOW JACKET mark, denigrate Defendant's rights in the same, and is otherwise a "problem."

## COUNT I
## Declaration of Non-Infringement of Defendant's Alleged Rights under the Lanham Act

16. Delta T repeats, realleges, and incorporates herein by reference each and every allegation as set forth in Paragraphs 1-15 as if stated in full.

17. There is an actual and justiciable case or controversy between the parties as a result of Defendant's allegations that Delta T's use of its federally registered YELLOW JACKET mark would cause confusion and therefore infringe Defendant's claimed rights in the YELLOW JACKET mark for different and unrelated goods.

18.     Delta T's use of its federally registered YELLOW JACKET mark does not infringe any existing and valid trademark right, if any, of Defendant, under the Lanham Act.

19.     As a result, Delta T is entitled to a declaration under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that Delta T's use of its federally registered YELLOW JACKET mark does not violate any putative rights Defendant owns in the YELLOW JACKET mark under the Lanham Act.

## COUNT II
## Declaration of Non-Infringement of Defendant's Alleged Rights under any Applicable Common Law

20.     Delta T repeats, realleges, and incorporates herein by reference each and every allegation as set forth in Paragraphs 1-19 as if stated in full.

21.     There is an actual and justiciable case or controversy between the parties as a result of Defendant's allegations that Delta T's use of its federally registered YELLOW JACKET mark would cause confusion and infringe Defendant's claimed rights under any applicable common law in the YELLOW JACKET mark for different and unrelated goods.

22.     Delta T's use of its federally registered YELLOW JACKET mark does not infringe any existing and valid trademark right, if any, of Defendant under any applicable common law.

23.     As a result, Delta T is entitled to a declaration under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that Delta T's use of its federally registered YELLOW JACKET mark does not violate any putative rights Defendant own under any applicable common law.

## COUNT III
### CANCELLATION OF DEFENDANT'S FEDERAL TRADEMARK REGISTRATION FOR FAILURE TO TIMELY MAINTAIN THE REGISTRATION

24. Delta T realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1-23 as if stated in full.

25. Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark the court may . . . order the cancellation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action."

26. Pursuant to 15 U.S.C. § 1058(a), "[e]ach registration shall remain in force for 10 years, except that the registration of any mark shall be canceled by the Director for failure to comply with the provisions of subsection (b) of this section, upon the expiration of the following time periods, as applicable: (1) For registrations issued pursuant to the provisions of this Act, at the end of 6 years following the date of registration . . . ."

27. Pursuant to 15 U.S.C. § 1058(b) ("Section 8"), "[d]uring the 1-year period immediately preceding the end of the applicable time period set forth in subsection (a), the owner of the registration shall pay the prescribed fee and file in the Patent and Trademark Office—(1) an affidavit setting forth those goods or services recited in the registration on or in connection with which the mark is in use in commerce and such number or specimens or facsimiles showing current use of the mark as may be required by the Director . . . ."

28. Pursuant to 15 U.S.C. § 1058(c)(1), "The owner of the registration may make the submissions required under this section within a grace period of 6 months after the end of the applicable time period set forth in subsection (a). Such submission is required to be

accompanied by a surcharge prescribed by the Director."

29.     Defendant's '963 Registration issued on September 3, 1996, so the '963 Registration was required to be maintained by filing a "Section 8" Declaration on or before September 3, 2002.

30.     Upon information and belief, as evidenced by the Combined Declaration of Use and Incontestability under Sections 8 and 15 attached hereto as **Exhibit C**, Defendant filed the Section 8 Declaration with the U.S. Patent and Trademark Office on September 4, 2002 (which was a Tuesday and not a holiday), and did not pay any surcharge for a late filing.

31.     U.S. Patent and Trademark Office records show that the Combined Declaration of Use and Incontestability under Sections 8 and 15 was transmitted on September 4, 2002, to the United States Patent and Trademark Office (see **Exhibit C**).

32.     Further, the Combined Declaration of Use and Incontestability under Sections 8 and 15 was signed by Scott Q. Vidas, as "attorney of record" listing a date of execution of September 4, 2002.

33.     Since Defendant did not timely file the Section 8 Declaration on or before the September 3, 2002, deadline, 15 U.S.C. § 1058(a) requires that the mark "shall be canceled by the Director . . . ."

34.     Based upon the foregoing, Delta T is entitled to an order pursuant to 15 U.S.C. § 1119 directing the Director of the Trademark Office to cancel U.S. Registration No. 1,997,963, rendering it null and void.

## COUNT IV
## CANCELLATION OF DEFENDANT'S FEDERAL
## TRADEMARK REGISTRATION BASED ON FRAUD

35. Delta T realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1-34 as if stated in full.

36. Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark the court may . . . order the cancellation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action."

37. Pursuant to 15 U.S.C. § 1064, a mark may be canceled at any time if the Court determines that the registration was obtained through fraud.

38. Pursuant to 15 U.S.C. § 1058(a), "[e]ach registration shall remain in force for 10 years, except that the registration of any mark shall be canceled by the Director for failure to comply with the provisions of subsection (b) of this section, upon the expiration of the following time periods, as applicable: (1) For registrations issued pursuant to the provisions of this Act, at the end of 6 years following the date of registration . . . ."

39. Pursuant to 15 U.S.C. § 1058(b), "[d]uring the 1-year period immediately preceding the end of the applicable time period set forth in subsection (a), the owner of the registration shall pay the prescribed fee and file in the Patent and Trademark Office—(1) an affidavit setting forth those goods or services recited in the registration on or in connection with which the mark is in use in commerce and such number or specimens or facsimiles showing current use of the mark as may be required by the Director . . . ."

40. According to the pertinent Trademark Office Rule, 37 CFR §2.161, entitled

"Requirements for a complete affidavit or declaration of continued use or excusable nonuse," "[a] complete affidavit or declaration under section 8 of the Act must: . . . [i]nclude a specimen showing current use of the mark for each class of goods or services" and "[s]how the mark as actually used on or in connection with the goods" identified in such class.

41. As evidenced by the provisions of 15 U.S.C. § 1058 recited above and the applicable regulation promulgated by the Director, Defendant was required to submit one specimen showing use of the mark as used on or in connection with the goods, or in the sale or advertising of the services in commerce, for each class of goods/services listed in the original application.

42. As Defendant identified three distinct classes of goods identified by the mark in the '963 Registration, it was required to submit a specimen showing use of the mark on goods in each of the three separate classes, i.e., one for International Class 008, one for International Class 009, and one for International Class 017.

43. Upon information and belief and as evidenced by the specimens submitted with the Combined Declaration of Use and Incontestability under Sections 8 and 15 in the '963 Registration (as shown in **Exhibits C and D**), Defendant submitted three identical specimens comprising labels for hoses in International Class 17.

44. On September 4, 2002, attorney Scott Q. Vidas signed the Combined Declaration of Use and Incontestability under Sections 8 and 15 in the '963 Registration on behalf of the Defendant, knowing that the three identical specimens identified only hoses in International Class 17, not any goods in International Classes 8 and 9, and yet alleging that

the specimens were "as attached to the goods" in the relevant classes.

45.   But for Defendant's knowingly false and material misrepresentation to the U.S. Patent and Trademark Office, the U.S. Patent and Trademark Office would not have maintained/renewed the '963 Registration by virtue of the requirements of Rule 2.161.

46.   Defendant made the material misrepresentations and false statements to the U.S. Patent and Trademark Office with the intent to cause the U.S. Patent and Trademark Office to maintain the '964 Registration, knowing the U.S. Patent and Trademark would not otherwise maintain it.

47.   Delta T has suffered, and continues to suffer, damage as a result of the U.S. Patent and Trademark Office's reliance on Defendant's intentional and material misrepresentations.

48.   Defendant's intentional and material misrepresentations to the U.S. Patent and Trademark Office to maintain the '963 Registration constitutes fraud on the U.S. Patent and Trademark Office.

49.   Accordingly, this Court should order that the registrations be canceled pursuant to 15 U.S.C. § 1119.

### PRAYER FOR RELIEF

**WHEREFORE**, Delta T respectfully prays for the following relief:

(a)   Declare that Delta T's use of the YELLOW JACKET mark for electric fans does not infringe, and at all times has not infringed, any rights Defendant owns or claims to own under the federal Lanham Act and/or applicable common law;

(b) Permanently enjoin Defendant from claiming to Delta T or any third party, that Delta T's use of the YELLOW JACKET mark for electric fans infringes any rights Defendant owns, if any, in the YELLOW JACKET mark;

(c) Order that U.S. Registration No. 1,997,963 be canceled and direct the Clerk of the Court to transmit notice of the Order to the Director of the Trademark Office of the USPTO;

(d) Award Delta T its attorney's fees, expenses and costs incurred herein, pursuant to 15 U.S.C. §1120;

(e) A trial by jury; and

(f) Award Delta T all other relief to which it may be entitled or the Court may deem appropriate.

Respectfully submitted,

/s/ Trevor T. Graves
Andrew D. Dorisio
Trevor T. Graves
KING & SCHICKLI, PLLC
247 N. Broadway
Lexington, Kentucky 40507
Telephone: (859) 252-0889
Facsimile: (859) 252-0779
Andrew@iplaw1.net
Trevor@iplaw1.net
COUNSEL FOR PLAINTIFF
DELTA T CORPORATION